**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLEE REED** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-04569**<br>**07-04573** |
| **AUTO CLUB FAMILY INSURANCE CO.** | **SECTION: "R" (4)** |

**ORDER**

On April 11, 2008, the Court granted as unopposed a Motion to Compel Response to Discovery and Request for Sanctions (R. Doc. 14), filed by the Defendant, Auto Club Family Insurance Co. ("Auto Club"). (R. Doc. 15.) In the motion, Auto Club sought the award of reasonable attorney's fees associated with the motion. Consequently, the Court ordered Auto Club to file a motion to fix attorney's fees into the record. (R. Doc. 15.)

Auto Club filed a **Motion to Set Attorney's Fees (R. Doc. 18)** and attached two (2) affidavits and a "Detailed Time Report" for the services rendered on the motion by Auto Club's counsel, Anthony J. Milazzo, Jr. ("Milazzo"). In total, Auto Club seeks the recovery of $391.50 in attorney's fees. According to the materials submitted by Auto Club, Milazzo expended 2.70 hours in connection with the motion at a rate of $145.00, for a resulting total of $391.50.

In opposition, the Plaintiff, Charlee Reed ("Reed"), filed a Memorandum in Opposition to Defendant's Motion to Set Attorney's Fees (R. Doc. 20). Reed contends that she began to provide

the responses to Auto Club's outstanding discovery prior to the hearing date on Auto Club's motion to compel "purely in spirit of cooperation," even though she was not required to do so. (R. Doc. 20, p. 1.) Reed contends that she was not obligated to respond to Auto Club's discovery in this federal forum because Auto Club indicated on its written discovery requests that the discovery was "propounded pursuant to the authority of the Louisiana Code of Civil Procedure." (R. Doc. 20, p. 2.) However, Reed notes that the Court issued a ruling granting Auto Club's motion as unopposed, even though she alleges that the motion had become moot. Reed maintains that Auto Club should not be awarded any fees or costs because she was not provided with due process, or with notice that she had a duty to respond to the subject discovery. The Court considers the parties' arguments below.

## I. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins*

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

*v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## II. **Analysis**

Here, while the Court considers Reed's arguments regarding due process and notice of her obligation to respond to discovery, the Court stresses that it has already awarded Auto Club attorney's fees in connection with the motion to compel because Reed failed to timely oppose Auto Club's motion or object to Auto Club's discovery. Therefore, the only issue before the Court is calculating the amount of fees due to Auto Club, and not whether Auto Club is entitled to attorney's fees.

### A. **Calculating a Reasonable Hourly Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere

testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Here, Auto Club seeks the recovery of $391.50 in attorney's fees for 2.70 hours of work on the motion to compel and motion to set attorney's fees, at the hourly rate of $145.00. In support of the hourly rates, Auto Club submits the affidavits of its attorney, Milazzo and of Thomas M. Young ("Young"), an attorney who practiced law with Milazzo for approximately six (6) years.

According to Milazzo's affidavit, he graduated from Loyola University School of Law on January 15, 1975. (R. Doc. 18-3, p. 1.) Milazzo avers that he was admitted to practice law before the Louisiana State Bar Association in April 25, 1975, and has been in good standing and actively practiced civil law since that time. (R. Doc. 18-3, p. 1.) Milazzo attests that he is admitted to

practice before the U.S. District Courts for the Eastern, Middle, and Western Districts of Louisiana and the U.S. Court of Appeals for the Fifth Circuit. (R. Doc. 18-3, pp. 1-2.) Based on the Court's calculation, Milazzo has been an attorney for approximately thirty-three (33) years.

Milazzo also asserts that his hourly rate of $145.00 is comparable to the hourly rates charged by other insurance companies that he has previously or is currently representing, and are commensurate with customary rates charged in the legal community. (R. Doc. 18-3, p. 2.) In Young's supporting affidavit, Young avers that he is well-acquainted with Milazzo because they have practiced law together for nearly six (6) years and that Milazzo is qualified to represent Auto Club. (R. Doc. 18-4, p. 1.) Young similarly asserts that Milazzo's hourly rate of $145.00 is comparable to the rates charged by other insurance companies in the community, and below rates charged to other, non-insurance entities in the community. (R. Doc. 18-4, p. 2.)

The Detailed Time Report submitted by Milazzo indicates that he spent a total of (1) 2.00 hours in seeking responses to Auto Club's outstanding discovery and on the motion to compel and (2) 0.70 hours on the motion to fix attorney's fees, for a resulting total of 2.70 hours. (R. Doc. 18-2.) Furthermore, the Detailed Time Report and the affidavits by Milazzo and Young both indicate that Milazzo billed and was paid for her work at a rate of $145.00 an hour. (R. Docs. 18-2, 18-3, 18-4.)

Other than the affidavits and the Detailed Time Report, Auto Club provides no information regarding the rates actually billed and paid in similar lawsuits. Nevertheless, after considering Milazzo's approximate thirty-three (33) years of legal experience and rate of $145.00, the Court finds that his rate is within the range of the prevailing market rates as previously found by this Court and by other courts in this District. *See Battiste v. Allstate Ins.Co.*, Civ. A. 07-8790, 2008 WL 2787468, at *2 (E.D. La. Jul. 16, 2008) (Roby, J.) (awarding an hourly rate of $150.00 to a lawyer

with eighteen (18) years of legal experience); *Davis v. American Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J.) (awarding hourly rates of $125.00 for an attorney with one (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metropolitan Property and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Medicine v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience). Furthermore, Milazzo's rate of $145.00 an hour is uncontested by Reed. Therefore, the rate sought for Milazzo's legal representation for the subject motion is *prima facie* reasonable. *See La. Power and Light*, 50 F.3d at 328. The Court thus concludes that a rate of $145.00 is appropriate for Milazzo's work on the motion.

**B. <u>Determining the Reasonable Hours Expended</u>**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker*, 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Neither the affidavits nor the Detailed Time Report mention any hours expended but not billed to Auto Club, the client. It is therefore presumed that Milazzo did not exercise billing judgement. However, as indicated by the above case law, the Court may also conduct a line-by-line analysis of Milazzo's billing statement.

According to the billing invoice, Milazzo spent (1) 0.90 hours dictating letters on four separate occasions requesting discovery responses, scheduling and confirming a Local Rule 37.1E conference, and attempting to contact Reed's counsel for the conference; (2) 1.00 hour preparing the motion to compel and supporting documentation, and discussing the motion and outstanding discovery with opposing counsel; (3) and 0.80 hours in reviewing the undersigned's Order (R. Doc. 14) and preparing the motion for attorney's fees. (R. Doc. 18-2, pp. 1-2.) After conducting a line-by-line analysis of Milazzo's billing invoice, the Court concludes that the time that he reported was reasonably expended. Keeping in mind Milazzo's thirty-three (33) years as an attorney and the relative ease of these standard motions, the Court finds that 1.00 hour in drafting and finalizing the motion to compel and 0.80 hours spent in preparing the motions to fix attorney's fees is reasonable, and not excessive. Similarly, the 0.90 hours that Milazzo spent in corresponding to Reed's counsel on multiple occasions is also reasonable.

Therefore, the Court awards Milazzo fees for a total of 2.70 hours for his time spent on the

above-mentioned motions and associated parts.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar. Therefore, the Court awards Auto Club a total of $391.50 for 2.70 hours of work performed on the motions by Milazzo.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that Auto Club's **Motion to Set Attorney's Fees (R. Doc. 18)** is **GRANTED**. The Court finds that a total fee of **$391.50** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Reed satisfy her obligation to Auto Club no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 12th day of August 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**